Robert A. Scher
Adam G. Pence
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3575
Fax: (212) 687-2329

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Holborn Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Sawgrass Mutual Insurance Company,<br><br>Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiff Holborn Corporation ("Holborn"), by and through its attorneys, Foley & Lardner, LLP, for its Complaint against Defendant Sawgrass Mutual Insurance Company ("Sawgrass"), states as follows:

**NATURE OF THE ACTION**

1. This is an action for breach of contract based on Sawgrass' refusal to honor its clear obligations under the parties' Broker Authorization Contract ("Contract"), by prematurely terminating the Contract without cause and failing to pay Holborn its full share of brokerage on all reinsurance procured or placed by the successor broker for the remaining Contract term.

2. In 2013, Holborn and Sawgrass entered into the Contract, whereby Sawgrass designated Holborn as its reinsurance broker for the purpose of procuring and servicing

reinsurance. Under the Contract, Holborn and Sawgrass agreed to split brokerage and fees earned by Holborn according to a Brokerage Sharing Agreement contained in Schedule A to the Contract.

3. Under the Contract, if Sawgrass terminated the Contract without cause during the Contract's term, Holborn would be entitled to full brokerage – subject to the Brokerage Sharing Agreement – on all reinsurance procured or placed by Holborn or any successor broker for the remaining term of the Contract.

4. Sawgrass terminated the Contract without cause in May 2016.

5. Holborn has demanded the full brokerage – subject to the Brokerage Sharing Agreement – on all reinsurance procured or placed by Holborn or any successor broker for the remaining term of the Contract.

6. To date, Sawgrass has refused to pay Holborn the full brokerage – subject to the Brokerage Sharing Agreement – on all reinsurance procured or placed by Holborn or any successor broker for the remaining full term of the Contract.

7. Holborn, therefore, brings this action to enforce its contractual and common law rights, and for such other and further relief as the Court deems just and proper.

## THE PARTIES

8. Plaintiff Holborn is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 180 Maiden Lane, 7th Floor, New York, New York 10038.

9. Upon information and belief, Defendant Sawgrass is a mutual insurance company organized and existing under the laws of the state of Florida, with a principal place of business at

1000 Sawgrass Corporate Parkway, Suite 100, Sunrise, FL 33323, and engages in the business of providing homeowners' insurance coverage.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1322, as complete diversity exists between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendant Sawgrass because Sawgrass transacts business in the State of New York and has purposefully availed itself of the privilege of doing business in New York by virtue of the Contract with Holborn.

12. Venue is proper based on 28 U.S.C. § 1391(b)(2) because, upon information and belief, Sawgrass regularly conducts business in this district and/or a substantial part of the claims arose in this district. In addition, New York State has personal jurisdiction over Sawgrass, which is a corporation who, upon information and belief, regularly conducts business in this district, and this district has the most significant contacts. Therefore, venue is also proper pursuant to 28 U.S.C. § 1391(d) and § 1391(b)(1). Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3).

**STATEMENT OF FACTS**

13. In 2013, Holborn and Sawgrass entered into the Contract, whereby Sawgrass designated Holborn as its reinsurance broker for the purpose of procuring and servicing reinsurance. Under the Contract, Holborn and Sawgrass agreed to split brokerage and fees earned by Holborn according to a Brokerage Sharing Agreement contained in Schedule A to the Contract.

14. The Contract became effective on June 1, 2014 and, pursuant to the terms of the agreement, would continue in force through May 31, 2017, unless one of the parties terminates the Contract.

15. In the event that Sawgrass terminated the Contract without cause during the agreement's term, the Contract contains the following provision in Paragraph 3:

> In the event [Sawgrass], without cause, during the term of this Contract, terminates [Holborn's] designation or appoints a successor broker of record, it is hereby agreed that [Holborn] will be entitled to its full brokerage, subject to the Brokerage Sharing Agreement, as per Schedule A, on all reinsurance procured or placed by [Holborn] or any successor broker during the full term of this Contract had said Contract not been rescinded or terminated, including all brokerage on all years of any multi-year reinsurance agreements incepting during the term of this Contract. For the avoidance of doubt it is agreed that all brokerage and fees associated with any reinsurance agreement, including multi-year reinsurance agreements, shall be considered earned as of the date of placement.

16. On or about May 2016, before the Contract expired, Sawgrass terminated the Contract without cause.

17. Accordingly, under the Contract, Holborn is entitled to its full brokerage, subject to the Brokerage Sharing Agreement, on all reinsurance procured or placed by Holborn or any successor broker during the full term of the Contract as if the Contract not been rescinded or terminated. Upon information and belief, the full brokerage amount that Holborn is entitled to under the Brokerage Sharing Agreement is approximately $800,000.

18. Holborn has demanded that Sawgrass abide by the terms of the agreement and pay Holborn the full brokerage that Holborn is due.

19. At the time Sawgrass terminated the Contract, Holborn owed Sawgrass approximately $200,000 pursuant to the terms of the Contract.

20. Holborn is entitled to offset the amount owed to Sawgrass against brokerage due from Sawgrass. Accordingly, the amount owed by Sawgrass is approximately $600,000.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

21. Holborn repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

22. The Broker Authorization Contract, which includes the Broker Sharing Agreement as Schedule A thereto, represents a valid, binding, enforceable contract between Holborn and Sawgrass.

23. Holborn fully performed its obligations under the Contract.

24. Pursuant to the clear and unambiguous terms of the Contract, upon termination without cause by Sawgrass, Sawgrass is required to pay Holborn its full brokerage, subject to the Brokerage Sharing Agreement, on all reinsurance procured or placed by Holborn or any successor broker during the full term of the Contract had the Contract not been rescinded or terminated.

25. Sawgrass terminated the Contract without cause and has failed to pay Holborn its full brokerage, subject to the Brokerage Sharing Agreement, on all reinsurance procured or placed by Holborn or any successor broker during the full term of the Contract as if the Contract not been rescinded or terminated.

26. Sawgrass' failure to pay Holborn in the amount of approximately $800,000 constitutes a material breach of the Contract.

27. As a result, Holborn has been, and continues to be, damaged (after setoff) in an amount not less than $600,000, plus interest accrued and continuing to accrue thereon.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(UNJUST ENRICHMENT)**

28. Holborn repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

29. Holborn agreed to be designated as Sawgrass' reinsurance broker for the purpose of procuring and servicing reinsurance for Sawgrass in exchange for the promise of a share of brokerage and fees earned by Holborn.

30. Sawgrass has failed to honor its commitment and has failed to provide Holborn with its share of brokerage and fees earned by Holborn in the amount of approximately $800,000.

31. Sawgrass has been unjustly enriched by obtaining the benefit of Holborn's placement of reinsurance for Sawgrass without providing Holborn its share of the brokerage and fees in the amount of approximately $800,000.

32. Holborn is entitled to its share of the brokerage and fees in the amount (after setoff) of no less than $600,000.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(QUANTUM MERUIT)**

33. Holborn repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

34. Holborn procured and serviced reinsurance for Sawgrass.

35. Sawgrass received the benefit of Holborn's procurement and service of reinsurance.

36. Sawgrass has failed to compensate Holborn for the fair and reasonable value of its procurement and service of reinsurance for Sawgrass.

37. Holborn is entitled to the fair and reasonable value of its procurement and service of reinsurance for Sawgrass.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Holborn respectfully requests judgment against Defendant Sawgrass as follows:

A. Enter judgment against Sawgrass on the First Count alleged herein, and award damages in the amount of no less than $600,000, plus pre-judgment and post-judgment interest, and attorneys' fees;

B. Enter judgment against Sawgrass on the Second Count alleged herein, and award damages in the amount of no less than $600,000, plus pre-judgment and post-judgment interest, and attorneys' fees;

C. Enter judgment against Sawgrass on the Third Count alleged herein, and award damages in the amount of no less than $600,000, plus pre-judgment and post-judgment interest, and attorneys' fees and

D. Awarding Holborn such other and further relief as the Court may deem just and proper.

Dated: November 23, 2016

Respectfully submitted,

FOLEY & LARDNER LLP

By: */s/ Robert A. Scher*

Robert A. Scher, Esq.
Adam G. Pence, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 682-23299
rscher@foley.com
apence@foley.com

*Attorneys for Plaintiff*