UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                 :

Holborn Corporation,                      :
                                               :        CASE NO.: 16-cv-09147
        Plaintiff / Counter-Defendant,   :
                                               :        **DEFENDANT'S ANSWER AND**
                                               :        **AFFIRMATIVE DEFENSES**
                -v-                            :        **TO PLAINTIFF'S COMPLAINT,**
                                               :        **AND COUNTERCLAIMS**
Sawgrass Mutual Insurance Company,  :
                                               :
        Defendant / Counter-Plaintiff.   :
-------------------------------------------------------X

       Defendant, Sawgrass Mutual Insurance Company ("Sawgrass"), hereby files its Answer and Affirmative Defenses in response to Holborn Corporation's ("Holborn") complaint, and states as follows.

## ANSWER

## NATURE OF THE ACTION

       1.     Sawgrass construes Holborn's allegation to refer to the Broker Authorization Contract dated November 6, 2013 and admits that Holborn purports to allege an action for breach of contract, but denies the remainder of paragraph 1.

       2.     Admitted.

       3.     Sawgrass admits that the Contract purports to contain such provision, but denies that it is enforceable.

       4.     Denied.

       5.     Denied.

       6.     Sawgrass denies the allegations contained in paragraph 6 to the extent that it denies any demand was made that any amount is owed.

7. Sawgrass admits that Holborn purports to being this action for the stated reason, but otherwise denies paragraph 7.

## THE PARTIES

8. Sawgrass lacks sufficient knowledge regarding this allegation.

9. Admitted.

## JURISDICTION AND VENUE

10. Admitted.

11. Denied, but pursuant to agreement of counsel Sawgrass has waived its challenge to personal jurisdiction and consents to personal jurisdiction in the Southern District of New York for purpose of this suit.

12. Denied, but pursuant to agreement of counsel Sawgrass has waived its challenge to venue and consents to venue in the Southern District of New York for purpose of this suit.

## STATEMENT OF FACTS

13. Admitted.

14. Sawgrass admits that the Contract purports to contain such provision, but denies that it is enforceable.

15. Sawgrass admits that the Contract purports to contain such provision, but denies that it is enforceable.

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

## AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

21.     Sawgrass reasserts each and every response to Holborn's allegations as set forth in the proceeding paragraphs.

22.     Sawgrass admits that the Contract has the Broker Sharing Agreement as Schedule A and that portions of the Contract are valid, binding, and enforceable, but denies that the entire Contract is valid, binding, and enforceable.

23.     Denied.

24.     Sawgrass admits that the Contract purports to contain such provision, but denies that there was a termination without cause or that such provision would be enforceable even if there were a termination without cause.

25.     Denied.

26.     Denied.

27.     Denied.

## AS AND FOR A SECOND CAUSE OF ACTION
### (UNJUST ENRICHMENT)

28.     Sawgrass reasserts each and every response to Holborn's allegations as set forth in the proceeding paragraphs.

29.     Sawgrass lacks sufficient knowledge regarding the allegation.

30.     Denied.

31.     Denied.

32.     Denied.

## AS AND FOR A THIRD CAUSE OF ACTION
### (QUANTUM MERUIT)

33.     Sawgrass reasserts each and every response to Holborn's allegations as set forth

in the proceeding paragraphs.

34. Admitted that Holborn procured and serviced reinsurance for Sawgrass for a portion of the contract period.

35. Admitted.

36. Denied.

37. Denied.

## JURY DEMAND

Pursuant to agreement of counsel, Sawgrass and Holborn have agreed that this matter will be tried without a jury and, therefore, the jury demand should be stricken.

## PRAYER FOR RELIEF

Sawgrass denies that there is a factual or legal basis for any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Holborn committed a material breach of its obligations under the Contract when it failed to recommend, and then secure the appropriate type and amount of reinsurance coverage needed to meet Sawgrass' particular business needs, thereby relieving Sawgrass from any further performance under the Contract.

2. Sawgrass terminated Holborn for cause because it failed to recommend, and then secure the appropriate type and amount of reinsurance coverage needed to meet Sawgrass' particular business needs. Under the express terms of the Contract no further commission is due when Holborn's termination is for cause.

3. Holborn has been paid all amounts that it is otherwise due and, therefore, Sawgrass has performed its obligations under the Contract.

3. The provision which purports to obligate Sawgrass to pay Holborn brokerage for reinsurance secured by another intermediary is unenforceable because, *inter alia*, it impedes Sawgrass' ability to terminate its reinsurance intermediary at any time in accordance with industry norms, and because it constitutes a liquidated damage provision that imposes a penalty.

4. Sawgrass and Holborn were parties to an express contract which precludes an action for unjust enrichment.

5. Sawgrass and Holborn were parties to an express contract which precludes an action for quantum meruit.

## RESERVATION OF RIGHTS TO SUPPLEMENT AFFIRMATIVE DEFENSES

Sawgrass reserves the right to supplement this Answer with additional affirmative defenses as the case progresses.

## COUNTERCLAIMS

Counterclaim-Plaintiff, Sawgrass Mutual Insurance Company, hereby brings counterclaims against Counterclaim-Defendant, Holborn Corporation, and states as follows.

## PARTIES JURISDICTION AND VENUE

1. Sawgrass is a mutual insurance corporation existing and organized under the laws of the State of Florida, with its principal place of business at 1000 Sawgrass Corporate Parkway, Suite 100, Sunrise, Florida 33323. Sawgrass only has offices in Florida, only insures risks in Florida, and is the only defendant to the underlying action.

2. Upon information and belief, Holborn is a reinsurance intermediary existing and organized as a corporation under the laws of the State of Delaware with offices in New York, Minnesota, and Kansas. Holborn is the only plaintiff to the underlying action.

3. The claims asserted herein are compulsory counterclaims because they arise out

of the same transaction or occurrence that is the subject matter of the underlying lawsuit over which the Court has jurisdiction, and they do not require joining another party.

## FACTUAL BACKGROUND

4. On its website, Holborn holds itself out as an independent reinsurance brokerage offering advanced analytic tools, global market access, and responsive account services to clients across the United States.

5. Holborn claims to be "committed to understanding each clients' needs, corporate culture, risk tolerance and overall business approach."

6. Holborn promises to "maintain a relentless commitment to giving clients what they truly need, with no two client solutions exactly the same."

7. With respect to reinsurance needs, Holborn claims to "take a comprehensive approach to reinsurance structure design and placement by understanding each client's business philosophy and risk appetite. Each client team incorporates dedicated placement & claims brokers, cat modelers, actuaries, contracts professionals and accountants, who collaborate to deliver an exceptional client experience throughout the year. By being client-focused, instead of product-focused, [its] team understands the whole picture and the implications of each recommendation and ultimate decision made by our clients."

8. Holborn assures clients that it "keeps [its] finger on the pulse of both the traditional market and alternative market, when exploring risk solutions, to ensure [its] clients have the most efficient, innovative and secure reinsurance program available."

9. Reinsurance is a contract whereby one insurer, for consideration, agrees to indemnify another insurer, either in whole or in part, against loss or liability, the risk of which the latter has assumed under a separate and distinct contract as insurer of a third party.

10.     "Top and Drop" reinsurance coverage is a sophisticated multi-layer insurance product which allows optimal reuse of reinsurance coverage. In a Top and Drop contract, the reinsurer provides a clause to reuse the top excess-of-loss layer in the reinsurance tower if the retention of this top layer is not breached by the first loss event. Following an event, if this layer remains intact, it acts as a reinstatement on one or more of the lower layers, meaning it drops down.

11.     On March 14, 2012, Sawgrass executed a Broker Authorization Contract (the "2012 BAC") with Holborn which designated Holborn as Sawgrass' reinsurance intermediary from June 1, 2012 through May 31, 2015. The 2012 BAC was superseded by the November 6, 2013 Broker Authorization Contract (the "2014 BAC"), which designated Holborn as Sawgrass' reinsurance intermediary from June 1, 2014, through May 31, 2017. Both the 2012 BAC and 2014 BAC were negotiated and executed by Sawgrass from its offices in Florida, and required Holborn to act as Sawgrass' reinsurance intermediary for the purpose of obtaining adequate and appropriate reinsurance coverage which was advantageous to Sawgrass' needs.

12.     Holborn induced Sawgrass to enter into the 2012 BAC and 2014 BAC by making representations which were substantially the same as those which appear on its website, as alleged in paragraphs 4-8 herein.

13.     Sawgrass relied upon such representations, including those made during a face-to-face meeting at Sawgrass' offices in Florida, and which included Holborn's assurance that it had special expertise in the reinsurance business such that it would recommend and secure the most advantageous reinsurance coverage available for Sawgrass.

14.     Holborn secured reinsurance coverage for Sawgrass, and received a brokerage for its services. The 2012 BAC and 2014 BAC provided that a percentage of the brokerage would be

shared with Sawgrass, and obligated Holborn to remit such amounts to Sawgrass within thirty days of receipt.

15. During the term of the 2014 BAC, Sawgrass became aware that Holborn failed to recommend and secure a reinsurance product referred to as "Top and Drop" coverage. This product would have been significantly more advantageous to Sawgrass' needs, and Sawgrass suffered a significant financial loss due to Holborn's failure to recommend and secure it.

16. Holborn's failure to secure Top and Drop coverage constituted cause for termination as Sawgrass' reinsurance intermediary.

17. In addition, the reinsurance program that Holborn recommended and secured pursuant to the 2014 BAC required that the subscribing reinsurers deliver all communications intended for Sawgrass to Holborn as its intermediary.

18. Upon information and belief one of the subscribing reinsurers, Montpelier Reinsurance Ltd. ("Montpelier"), notified Holborn that it had reached an agreement to be acquired by Endurance Specialty Insurance, Ltd. ("Endurance"). Montpelier had previously acquired Cladium, Inc., Sawgrass' managing general agent, and notice that Montpelier was to be acquired by Endurance was of particular importance to Sawgrass.

19. Holborn failed to promptly convey such notification to Sawgrass, and as a result Endurance became the successor to Sawgrass' relationship with Montpelier. Sawgrass has since been embroiled in litigation with Endurance, and has incurred significant expenses as a result.

20. Sawgrass terminated Holborn pursuant to paragraph 2 of the 2014 BAC which allowed Sawgrass to terminate Holborn at any time for cause.

### COUNT I
### NEGLIGENCE

21. Sawgrass re-alleges Paragraphs 1 through 20 as if set forth herein.

22. Holborn, through its conduct and representations to Sawgrass, held itself out as having expertise in the field of reinsurance, and undertook the responsibility to advise Sawgrass on the appropriate reinsurance products to satisfy its particular business needs.

23. Holborn's conduct and representations created a special relationship of trust and confidence such that extra-contractual duties arose between the parties.

24. This special relationship triggered an enhanced duty of care for Holborn to advise Sawgrass on the amount and types of reinsurance coverage prudently needed to meet its particular business needs.

25. Sawgrass reasonably relied upon Holborn to adhere to its duty, including the commitments and representations Holborn made during the contract negotiation process to recommend and secure such coverage.

26. Any objectively reasonable reinsurance intermediary would be on notice that Holborn's conduct and representations would induce such reliance.

27. Holborn breached its duty of care by failing to use reasonable skill and care to recommend and secure appropriate reinsurance for Sawgrass, including Top and Drop coverage.

28. Holborn's breach directly and proximately caused Sawgrass to suffer monetary damages in excess of several hundreds of thousands of dollars.

WHEREFORE, Sawgrass Mutual Insurance Company demands a final judgment against Holborn Corporation for damages, together with an award of costs of this action, and such other relief as this Court deems to be just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY

29. Sawgrass re-alleges Paragraphs 1 through 20 as if set forth herein.

30. Holborn, through its conduct and representations to Sawgrass, held itself out as

having expertise in the field of reinsurance, and undertook the responsibility to advise Sawgrass on the appropriate reinsurance products to satisfy its particular business needs.

31. Holborn's conduct and representations created a special relationship of trust and confidence such that extra-contractual duties rose between the parties.

32. This special relationship triggered a fiduciary duty for Holborn to advise Sawgrass and recommend the amount and types of reinsurance coverage prudently needed to meet its particular business needs.

33. Sawgrass reasonably relied upon Holborn to satisfy its fiduciary duty, and any objectively reasonable reinsurance intermediary would be on notice that Holborn's conduct and representations would induce such reliance.

34. Holborn breached its fiduciary duty by failing to recommend and secure the reinsurance products appropriate for Sawgrass' particular business needs, including Top and Drop coverage.

35. Holborn's breach of its fiduciary duty directly and proximately caused Sawgrass to suffer monetary damages in excess of several hundreds of thousands of dollars.

WHEREFORE, Sawgrass Mutual Insurance Company demands a final judgment against Holborn Corporation for damages, together with an award of costs of this action, and such other relief as this Court deems to be just and proper.

## COUNT III
## BREACH OF CONTRACT

36. Sawgrass re-alleges Paragraphs 1 through 20 as if set forth herein.

37. The 2012 BAC and 2014 BAC were binding contracts between Sawgrass and Holborn.

38. Sawgrass performed under the contracts by purchasing reinsurance through

Holborn according to the terms of the contracts.

39. Holborn received brokerage from Sawgrass' reinsurers as a commission for the placement of Sawgrass' business.

40. Under the contracts, Holborn was required to remit to Sawgrass a specific percentage of brokerage earned by Holborn within thirty days.

41. The amount due to Sawgrass as of the termination date of the 2014 BAC was $218,462.00.

42. More than thirty days have elapsed since Holborn's receipt of these funds, and to date Holborn has failed, and continues to fail to tender such amount to Sawgrass despite its obligation to do so and Sawgrass' repeated request.

WHEREFORE, Sawgrass Mutual Insurance Company demands a final judgment against Holborn Corporation for damages and interest, together with an award of costs of this action, and such other relief as this Court deems to be just and proper.

Respectfully submitted,

/s/ Jordan S. Kosches
Jordan S. Kosches, Esq.
jordan.kosches@gray-robinson.com
*Admitted Pro Hac Vice*
GrayRobinson, P.A.
333 SE Second Avenue
Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
*Counsel for Sawgrass Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2017, I electronically filed the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, and Counterclaims with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF user:

Robert A. Scher, Esq.
Foley & Lardner, LLP
90 Park Avenue
New York, New York 10016
Phone: (212) 682-7474
Facsimile: (212) 687-2329
Email: rscher@foley.com

Max Chester, Esq.
Foley & Lardner, LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Phone: (414) 297-5573
Facsimile: (414) 297-4900
Email: mchester@foley.com

Attorneys for Holborn Corporation

/s/ Jordan S. Kosches

# 2320695 v1