Robert A. Scher
Emily A. Beer
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3575
Fax: (212) 687-2329

Max B. Chester (*admitted pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 271-2400
Fax: (414) 297-5800

*Attorneys for Plaintiff Holborn Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Holborn Corporation, <br><br>                 Plaintiff, <br><br>          v. <br><br> Sawgrass Mutual Insurance Company, <br><br>                 Defendant. | CIVIL ACTION NO. 16-cv-09147-AJN <br><br> **PLAINTIFF'S REPLY AND** <br> **AFFIRMATIVE DEFENSES TO** <br> **DEFENDANT/COUNTER-** <br> **PLAINTIFF'S AMENDED** <br> **COUNTERCLAIMS** |

      Plaintiff/Counter-Defendant Holborn Corporation ("Holborn" or "Plaintiff"), by and through its attorneys, Foley & Lardner, LLP, as and for its Reply and Affirmative Defenses to the Amended Counterclaims ("Counterclaims") of Defendant/Counter-Plaintiff Sawgrass Mutual Insurance Company ("Sawgrass" or "Defendant"), states as follows:

**PARTIES JURISDICTION AND VENUE**

      1.     Holborn admits Sawgrass is the only defendant in this action, but Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 of the Counterclaims.

2.      Holborn admits the allegations in Paragraph 2 of the Counterclaims.

3.      The allegations in Paragraph 3 of the Counterclaims are legal conclusions to which no answer is required.

## FACTUAL BACKGROUND

4.      Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Counterclaims.

5.      Holborn admits that it is a reinsurance intermediary and admits that in 2012, representatives of Holborn had conversations with then President and CEO of Sawgrass, James Esse, regarding services that Holborn provides as a reinsurance intermediary to procure reinsurance for insurance companies like Sawgrass.  Holborn denies the remaining allegations in Paragraph 5 of the Counterclaims.

6.      The allegations in Paragraph 6 of the Counterclaims are legal conclusions to which no answer is required.

7.      Holborn denies the allegations in Paragraph 7 of the Counterclaims.

8.      Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Counterclaims.

9.      Holborn denies the allegations in Paragraph 9 of the Counterclaims.

10.     To the extent that the allegations in Paragraph 10 of the Counterclaims make references to written materials, the contents of which speak for themselves, Holborn respectfully refers the Court to such writings for their full content, meaning, and legal import, if any. Holborn denies the remaining allegations in Paragraph 10 of the Counterclaims.

11.     Holborn denies the allegations in Paragraph 11 of the Counterclaims.

12.     Holborn admits that Sawgrass and Holborn entered into a Broker Authorization Contract in 2012 (the "2012 BAC").  Holborn further admits that the 2012 BAC was replaced by a November 6, 2013 Broker Authorization Contract (the "2014 BAC"), which designated Holborn as Sawgrass' reinsurance intermediary from June 1, 2014 through May 31, 2017. Holborn respectfully refers the Court to the 2012 BAC and the 2014 BAC for their full content, meaning, and legal import, if any.  Holborn denies the remaining allegations in Paragraph 12 of the Counterclaims.

13.     To the extent that the allegations in Paragraph 13 of the Counterclaims constitute a legal conclusion, no response is required.  To the extent that an answer is required, Holborn denies the allegations in Paragraph 13 of the Counterclaims.

14.     Holborn admits that an amendment to the 2012 BAC was entitled "Amendment to the Broker Authorization Contract: Consulting Agreement," the terms of which speak for themselves, and Holborn respectfully refers the Court to this document for its full content, meaning, and legal import, if any.  Holborn denies the remaining allegations in Paragraph 14 of the Counterclaims.

15.     Holborn admits that it allowed Sawgrass to use Holborn's "Portfolio Optimization Tool" software, and denies the remaining allegations in Paragraph 15 of the Counterclaims.

16.     Holborn admits that it secured reinsurance coverage for Sawgrass, and denies the remaining allegations in Paragraph 16 of the Counterclaims.

17.     Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in Paragraph 17 of the Counterclaims.

18.     Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Counterclaims.

19.     Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Counterclaims.

20.     Holborn denies the allegations in Paragraph 20 of the Counterclaims.

21.     Holborn denies the allegations in Paragraph 21 of the Counterclaims.

22.     The allegations in Paragraph 22 of the Counterclaims make references for written materials, the terms of which speak for themselves, and Holborn respectfully refers the Court to such writings for their full content, meaning, and legal import, if any.

23.     Upon information and belief, Holborn admits that Endurance Specialty Holdings Ltd. completed an acquisition of Montpelier Re Holdings Ltd. in 2015.   Upon information and belief, Holborn admits that prior to Endurance's acquisition of Montpelier, the latter acquired Cladium, Inc.  Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 of the Counterclaims.

24.     Holborn denies the allegations in Paragraph 24 of the Counterclaims.

25.     Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Counterclaims.

26.     Holborn denies the allegations in Paragraph 26 of the Counterclaims.

27.     Holborn denies the allegations in Paragraph 27 of the Counterclaims.

## CHOICE OF LAW

28.     Holborn admits that its representatives traveled to Florida to meet with representatives of Sawgrass.  Holborn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 of the Counterclaims.

29.     To the extent that the allegations of Paragraph 29 of the Counterclaims constitute a legal conclusion, no response is required.  To the extent that an answer is required, Holborn

denies the allegations in Paragraph 29 of the Counterclaims and refers to the Court's January 17, 2018 Memorandum Opinion & Order.

30.    To the extent that the allegations of Paragraph 30 of the Counterclaims constitute a legal conclusion, no response is required.  To the extent that an answer is required, Holborn denies the allegations in Paragraph 30 of the Counterclaims and refers to the Court's January 17, 2018 Memorandum Opinion & Order.

31.    To the extent that the allegations of Paragraph 31 of the Counterclaims constitute a legal conclusion, no response is required.  To the extent that an answer is required, Holborn denies the allegations in Paragraph 31 of the Counterclaims and refers to the Court's January 17, 2018 Memorandum Opinion & Order.

32.    The allegations in Paragraph 32 of the Counterclaims make references for written materials, the terms of which speak for themselves, and Holborn respectfully refers the Court to such writings for their full content, meaning, and legal import, if any.

33.    To the extent that the allegations of Paragraph 33 of the Counterclaims constitute a legal conclusion, no response is required.  To the extent that an answer is required, Holborn denies the allegations in Paragraph 33 of the Counterclaims and refers to the Court's January 17, 2018 Memorandum Opinion & Order.

## COUNT I
## NEGLIGENCE

34.    In response to Paragraph 34 of the Counterclaims, Holborn repeats and incorporates its responses to the foregoing paragraphs.

35.    With respect to the allegations in Paragraph 35 of the Counterclaims, Holborn states that Plaintiff's First Count of Negligence was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

5

36.     With respect to the allegations in Paragraph 36 of the Counterclaims, Holborn states that Plaintiff's First Count of Negligence was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

37.     With respect to the allegations in Paragraph 37 of the Counterclaims, Holborn states that Plaintiff's First Count of Negligence was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

38.     With respect to the allegations in Paragraph 38 of the Counterclaims, Holborn states that Plaintiff's First Count of Negligence was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

39.     With respect to the allegations in Paragraph 39 of the Counterclaims, Holborn states that Plaintiff's First Count of Negligence was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

40.     With respect to the allegations in Paragraph 40 of the Counterclaims, Holborn states that Plaintiff's First Count of Negligence was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

41.     With respect to the allegations in Paragraph 41 of the Counterclaims, Holborn states that Plaintiff's First Count of Negligence was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

## COUNT II
## BREACH OF FIDUCIARY DUTY

42.     In response to Paragraph 42 of the Counterclaims, Holborn repeats and incorporates its responses to the foregoing paragraphs.

43.     With respect to the allegations in Paragraph 43 of the Counterclaims, Holborn states that Plaintiff's Second Count of Breach of Fiduciary Duty was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

44.     With respect to the allegations in Paragraph 44 of the Counterclaims, Holborn states that Plaintiff's Second Count of Breach of Fiduciary Duty was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

45.     With respect to the allegations in Paragraph 45 of the Counterclaims, Holborn states that Plaintiff's Second Count of Breach of Fiduciary Duty was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

46.     With respect to the allegations in Paragraph 46 of the Counterclaims, Holborn states that Plaintiff's Second Count of Breach of Fiduciary Duty was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

47.     With respect to the allegations in Paragraph 47 of the Counterclaims, Holborn states that Plaintiff's Second Count of Breach of Fiduciary Duty was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

48.     With respect to the allegations in Paragraph 48 of the Counterclaims, Holborn states that Plaintiff's Second Count of Breach of Fiduciary Duty was dismissed by this Court's January 17, 2018 Memorandum Opinion & Order, and, thus, no response is required.

**COUNT III**
**BREACH OF CONTRACT**

49.     In response to Paragraph 49 of the Counterclaims, Holborn repeats and incorporates its responses to the foregoing paragraphs.

50.     To the extent that the allegations of Paragraph 50 constitute a legal conclusion, no response is required.  To the extent that a response is required, Holborn admits that Sawgrass and

Holborn entered into the 2012 BAC.  Holborn further admits that the 2012 BAC was replaced by the 2014 BAC, which was a binding contract between the parties.  Holborn respectfully refers the Court to the 2014 BAC for its full content, meaning, and legal import, if any.  Holborn denies the remaining allegations in Paragraph 50 of the Counterclaims.

51.     Holborn admits that it procured reinsurance for Sawgrass in accordance with the terms of the 2014 BAC.  Holborn denies the remaining allegations in Paragraph 51 of the Counterclaims.

52.     Holborn admits that, under the 2014 BAC, it is entitled to its full brokerage commissions on all reinsurance procured or placed by Holborn or any successor broker for Sawgrass during the full term of the 2014 BAC, as if the 2014 BAC had not been rescinded or terminated.  Holborn further admits that it was paid by Sawgrass from the premiums due Sawgrass' reinsurers for some but not all of the commissions due to Holborn under the 2014 BAC.  Holborn denies the remaining allegations in Paragraph 52 of the Counterclaims.

53.     The allegations of Paragraph 53 of the Counterclaims reference the terms of the 2014 BAC, which speak for themselves, and Holborn respectfully refers the Court to this document for its full content, meaning, and legal import, if any.

54.     Holborn denies the allegations in Paragraph 54 of the Counterclaims.

55.     Holborn denies the allegations in Paragraph 55 of the Counterclaims.

## AFFIRMATIVE DEFENSES

As stated in its Reply above, Holborn does not admit any liability, that Defendant has been injured or damaged in any way, or that Defendant is entitled to any relief whatsoever.  Nevertheless, Holborn pleads in the alternative the following affirmative defenses, but by so doing, Holborn does not assume the burden of proof for any issue as to which applicable law

places the burden upon Defendant.  Holborn has insufficient knowledge or information upon

which to form a belief as to whether it may have additional, as yet unstated, separate defenses

available.  Holborn reserves the right to amend this Reply to add, supplement, or modify

defenses based upon legal theories that may be or will be divulged through clarification of

Defendant's Counterclaim, through discovery, or through further factual or legal analysis of

Defendant's allegations, contentions, and positions in this litigation.

<strong>FIRST AFFIRMATIVE DEFENSE</strong>

1.      Defendant's claims are barred, in whole or in part, for failure to state a claim upon

which relief can be granted.

<strong>SECOND AFFIRMATIVE DEFENSE</strong>

2.      Defendant's claims are barred, in whole or in part, by the economic loss doctrine.

<strong>THIRD AFFIRMATIVE DEFENSE</strong>

3.      Defendant did not suffer any loss or damages by reason of any alleged acts of

Holborn.

<strong>FOURTH AFFIRMATIVE DEFENSE</strong>

4.      Defendant's claims are barred, in whole or in part, because Holborn owed no duty

to Defendant.

<strong>FIFTH AFFIRMATIVE DEFENSE</strong>

5.      Defendant's claims are barred, in whole or in part, by laches, estoppel, and/or

waiver.

<strong>SIXTH AFFIRMATIVE DEFENSE</strong>

6.      Defendant's claims are barred, in whole or in part, by the doctrine of unclean

hands and other equitable defenses.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     Defendant failed to mitigate its damages as required by applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Defendant's claims are barred, in whole or in part, because any alleged injuries or damages were not legally or proximately caused by any acts or omissions of Holborn and/or were caused, if at all, solely and proximately by the conduct of third parties not under the control of Holborn, including, without limitation, the prior, intervening, or superseding conduct of such third parties.

**NINTH AFFIRMATIVE DEFENSE**

9.     Any damages allegedly suffered by Defendant, liability for which Holborn denies, are subject to recoupment.

**TENTH AFFIRMATIVE DEFENSE**

10.     To the extent that Defendant is awarded any damages, liability for which Holborn denies, Holborn is entitled to claim a set-off for the amounts allegedly owed to Defendant by Holborn.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Defendant fails to state a claim because, to the extent any contract, obligations, or agreements referred to in Defendant's Counterclaim have been entered into, Holborn has substantially performed any and all obligations, under contract or common law, and any duty of performance on behalf of Holborn is excused by Defendant's own actions, breaches, misconduct, and/or failures.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Defendant's claims are barred, in whole or in part, because any alleged injuries or

damages are speculative.


Dated: New York, New York                      By:
       January 31, 2018                             Robert A. Scher
                                                    Emily A. Beer
                                                    FOLEY & LARDNER LLP
                                                    90 Park Avenue
                                                    New York, New York 10016
                                                    Tel: (212) 338-3575
                                                    Fax: (212) 687-2329

                                                    Max B. Chester (*admitted pro hac vice*)
                                                    FOLEY & LARDNER LLP
                                                    777 East Wisconsin Avenue
                                                    Milwaukee, WI 53202
                                                    Tel: (414) 271-2400
                                                    Fax: (414) 297-5800

                                                    *Attorneys for Plaintiff*
                                                    *Holborn Corporation*